IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWANDA LEWIS, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL NO. 3:22-CV-1794-M-BK |
| | § | |
| USA SUPREME, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Lawanda Lewis' motion to proceed *in forma pauperis* but did not issue process. Doc. 6. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** as frivolous.

**I. BACKGROUND**

On August 16, 2022, Lewis filed a *pro se* complaint against the USA Supreme. Doc. 3 at 1. The complaint is difficult to decipher and clearly irrational. Lewis never states a cause of action or alleges any coherent facts from which the Court can discern a cognizable cause of action. In the one-paragraph complaint, Lewis pleads *in toto*:

> Arkansas was leading for these crimes, I was kidnapped as 1 month old from my birth parents. Regional Corporal Chief of Police name is Lisa and Charles, and my land and real estate corporations of business are stolen, my signature from my personal bank acct toke care of everything that's stolen it was forgery ignorance.

Doc. 3 at 1 (misspelling and grammatical errors in original).

In the *Civil Cover Sheet*, Lewis checks all nature of suit codes and further describes her cause of action as "rape too, thief by merchant too." Doc. 3 at 2.

## II. ANALYSIS

Because Lewis is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides in part for the *sua sponte* dismissal of a complaint if the Court finds that it is frivolous or malicious. A complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Lewis has failed to state a cognizable legal claim or anything that can be construed as such.

Lewis presents no supporting legal authority for the claims she asserts. Moreover, her factual contentions are clearly baseless and woefully inadequate to support any cognizable claim, and her allegations appear irrational and incredible. *See Denton*, 504 U.S. at 33. Consequently, Lewis' complaint should be dismissed with prejudice as factually and legally frivolous.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint prior to dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed here, Lewis' apparent claims are fatally infirm. Based on the most deferential review of her complaint, it is highly unlikely that, given the opportunity, she could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, it is recommended that Lewis' complaint be **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on August 22, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).